United States District Court
Southern District of Texas
**ENTERED**
November 04, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OVIDIO GARCIA & | § | |
| PERLA J. OLIVARES DE GARCIA, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-120 |
| | § | |
| NORMA LIMON, et al., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 3, 2019, Plaintiffs Ovidio Garcia and Perla J. Olivares de Garcia (collectively "Plaintiffs") filed a complaint against Defendants: Norma Limon, in her official capacity as the Harlingen Field Office Director for United States Citizenship and Immigration Services; William Barr, in his official capacity as the Attorney General; Michael R. Pompeo, in his official capacity as Secretary of State; and the United States of America (collectively "Defendants"). Dkt. No. 1.

Ovidio Garcia claims to have been born in the United States and sought a visa for his wife, Perla, who is not a U.S. citizen. Ovidio Garcia's passport was revoked after the State Department determined that he was born in Mexico. Plaintiffs have sued for a declaration that Ovidio is a U.S. citizen, pursuant to 8 U.S.C. § 1503(a); for review of the State Department decision under the Administrative Procedures Act ("APA"); and for injunctive relief to prevent Defendants from revoking the passports of people who they suspect were not born in the United States.

On September 9, 2019, Defendants filed a partial motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Dkt. No. 5. Defendants do not seek dismissal of Ovidio Garcia's § 1503 claim arising from the denial of his passport, but do seek dismissal of all other claims. Id.

Plaintiffs did not file a response brief.  On October 4, 2019, the Court issued a show cause order establishing that if Plaintiffs wished to respond, they were to do so no later than October 11, 2019.  Again, no response was filed.

After reviewing the record and the relevant case law, it is recommended that the partial motion to dismiss be granted.  Ovidio Garcia's § 1503 claim arising from the denial of his I-130 immigration petition is administratively unexhausted and should be dismissed without prejudice, pursuant to FED. R. CIV. P. 12(b)(6).  The Court lacks jurisdiction over Ovidio Garcia's remaining claims, which should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

## I. Background

### A. Factual Background

Ovidio Garcia alleges that he was born in Brownsville, Texas, in July 1981. Dkt. No. 2, p. 1.  He was born with the assistance of a midwife. Id.

However, the previous month — on June 26, 1981— his father registered his birth in Mexico, representing that he was born on June 3, 1981, in Rio Bravo, Tamaulipas, Mexico. Dkt. No. 2, p. 5.  "On that same day, his father registered his older brother [. . .] who was then five years old and needed Mexican Birth Certificate to go to school." Id.

In October 2008, Ovidio Garcia was issued a passport, which was scheduled to expire in October 2017. Dkt. No. 2, pp. 2-4.

On September 22, 2015, Ovidio Garcia filed a visa application on behalf of his wife, Perla. Dkt. No. 2, p. 2.  Despite the facially valid U.S. passport, USCIS "required that he [Ovidio Garcia] provide them with additional evidence regarding his citizenship." Id.

On March 27, 2018 — after his passport expired — the State Department sent a letter to Ovidio Garcia, "requesting additional evidence regarding his citizenship." Dkt. No. 2, p. 4.

On April 27, 2018, USCIS informed Ovidio Garcia that "the visa petitions he filed for his wife had been denied because he was not a citizen. On that same day, his wife's application for adjustment of status was denied." Dkt. No. 2, p. 2.

On June 27, 2018, Ovidio Garcia sent additional evidence to the State Department regarding his citizenship, including an explanation for why he had a Mexican birth record. Dkt. No. 2, p. 4.

On March 8, 2019, the State Department denied Ovidio Garcia's passport application. Dkt. No. 2, p. 5.

### B. Procedural History

On July 3, 2018, Plaintiffs filed a complaint against:  (1) Limon, in her official capacity as the Harlingen Field Office Director for USCIS; (2) Pompeo, in his official capacity as Secretary of State; (3) Barr, in his official capacity as Attorney General; and (4) the United States of America. Dkt. No. 1.  Plaintiffs, pursuant to 8 U.S.C. § 1503(a), seek a declaratory judgment that Ovidio Garcia is a United States citizen. Id.  They also seek declaratory and injunctive relief against USCIS for failing to consider his valid and unexpired passport as conclusive proof of his citizenship. Id.  Plaintiffs also refer to seeking relief under the APA, but do not make any specific claims under that statute. Id.

On July 6, 2019, Plaintiffs filed an amended complaint, which did not make any substantive changes to the relief sought. Dkt. No. 2.

On February 7, 2019, Defendants timely filed a partial motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6). Dkt. No. 5.  Defendants do not seek dismissal of Ovidio Garcia's § 1503(a) claim, precipitated by the denial of the passport. Id.  On the other hand, Defendants assert that the Court lacks jurisdiction over any § 1503(a) claim based upon the denial of immigration benefits, because Plaintiffs failed to exhaust all of their administrative remedies. Id., pp. 5-6.  Defendants also argue that Ovidio Garcia cannot sustain an APA claim, because § 1503(a) provides an alternative cause of action. Id.  Finally, Defendants assert that Plaintiffs cannot sustain a claim for injunctive relief.

Plaintiffs did not file a response to the motion to dismiss.  As noted earlier, on October 4, 2019, the Court ordered Plaintiffs to show cause as to why it should not consider the motion to dismiss to be unopposed. Dkt. No. 8.  Plaintiffs were instructed to file a response to the show cause order no later than October 11, 2019. Id.  No response was ever filed.

The Court understands that it cannot grant the motion to dismiss solely on the basis that no opposition was filed. Johnson v. Pettiford, 442 F.3d 917, 919 (5th Cir. 2006) (citing John v. La., 757 F.2d 698, 708 (5th Cir. 1985)).  Accordingly, the Court must analyze the motion on its merits, but without argument from Plaintiffs.

## II. Applicable Law

### A. Jurisdiction and Dismissal under Rule 12(b)(1)

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over the claim.  This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999).  A plaintiff bears the burden of proving jurisdiction. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001).  Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Wells v. Ali, 304 Fed. App'x. 292, 293 (5th Cir. 2008) (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

A defendant may file a Rule 12(b)(1) motion to challenge the Court's subject matter jurisdiction to hear a case. Ramming, 281 F.3d at 161. Once a defendant objects to subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction to hear the case. Id. When a defendant files a Rule 12(b)(1) motion, in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) motion before addressing any other attacks on the merits. Ramming, 281 F.3d at 161.

A dismissal for lack of jurisdiction is without prejudice to refiling. Ruiz v. Brennan, 851 F.3d 464, 472 (5th Cir. 2017) (citing Davis v. U.S., 961 F.2d 53, 57 (5th Cir. 1991)).

### B. Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Unless the Court specifically holds otherwise, dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

### C. Administrative Procedures Act

The Administrative Procedures Act ("APA") generally provides for judicial review of agency actions. 5 U.S.C. § 706(1).  At the same time, review under the APA is unavailable if there is an "adequate remedy" available "in a court." 5 U.S.C. § 704; Bowen v. Massachusetts, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.").

The Fifth Circuit has concluded that, in instances where the State Department revokes a passport for non-nationality, 8 U.S.C. § 1503 provides an adequate remedy, precluding review under the APA. Hinojosa v. Horn, 896 F.3d 305, 312 (5th Cir. 2018); De La Garza Gutierrez v. Pompeo, 741 F. App'x 994, 997 (5th Cir. 2018).

### III. Analysis

Ovidio Garcia has sought at least four different forms of relief: (1) a declaratory judgment that he is a citizen, relating to the denial of the passport application; (2) a declaratory judgment that he is a citizen, relating to the denial of certain immigration benefits; (3) relief under the APA; (4) declaratory and injunctive relief to order various Government officials to cease from the actions that led to the denial of his passport and denial of immigration benefits.  The Government has conceded that the Court has subject matter jurisdiction as to the first claim to relief and has not sought dismissal of that claim. Dkt. No. 5, p. 5.  On the other hand, the Government has sought dismissal of the remaining three claims to relief.  For the reasons set out below, the Government's motion to dismiss should be granted.

### A. Denial of Immigration Benefits

Ovidio Garcia filed an I-130 Petition to obtain immigration benefits for his wife. His petition was denied on the grounds that he was not a citizen of the United States. Ovidio Garcia has sued, pursuant to § 1503(a), for a declaration that he is a United States citizen, who was denied a privilege or right of citizenship, namely the I-130 Petition.  This claim should be dismissed, without prejudice, because he has failed to exhaust the administrative appeals of the I-130 Petition denial.

Federal law provides that when a person claims to be a citizen of the U.S. and is denied any "right or privilege" of citizenship by a federal department or agency, the putative citizen can sue in federal court for a judicial declaration of citizenship. 8 U.S.C. § 1503(a).  The Fifth Circuit has held that "a plaintiff must exhaust administrative remedies" made available by the department or agency prior to filing a § 1503(a) claim. Gonzalez v. Limon, 926 F.3d 186, 188 n. 7 (5th Cir. 2019) (citing Rios-Valenzuela v. Dep't of Homeland Sec., 506 F.3d 393, 397 n.4 (5th Cir. 2007)).

Ovidio Garcia filed a Petition for Alien Relative ("I-130 Petition") on his wife's behalf. Dkt. No. 2, p. 2.  An approved I-130 application does not "confer an immigration benefit allowing an alien to be legally admitted to the United States, nor does it confer authority for an alien to legally stay in the United States." Park v. Gonzales, 450 F.Supp.2d 1153, 1156 (D. Or. 2006) (unpubl.). Rather, an approved I-130 application establishes "a

legal, valid relationship between the petitioner and the designated alien beneficiary." Id. As relevant here, an approved I-130 affords priority consideration to relatives of citizens seeking to obtain a visa. Robles-Tenorio v. Holder, 444 Fed. App'x. 646, 647 (4th Cir. 2011) (unpubl.) (citing Drax v. Reno, 338 F.3d 98, 114 (2d Cir. 2003)); 8 U.S.C. § 1153.

The I-130 Petition was denied by USCIS on the grounds that Ovidio Garcia was not a U.S. citizen. Dkt. No. 2, pp. 2-4. The denial of the I-130 Petition is reviewable by the Board of Immigration Appeals. See 8 C.F.R. § 1003.1(b)(5) (granting jurisdiction to the BIA for the denial of I-130 Petitions). There is no indication in the record that Ovidio Garcia appealed the denial of the I-130 Petition to the BIA or that the BIA ever ruled on any such appeal. Thus, Ovidio Garcia failed to exhaust the available administrative remedies challenging the denial of his application. Gonzalez, 926 F.3d at 188 n. 7.

The Government has asserted that the failure to exhaust administrative remedies is jurisdictional. Dkt. No. 5, p. 6. The Fifth Circuit has never used the word "jurisdictional" to describe the administrative exhaustion requirements of § 1503(a) and the statute lacks an express exhaustion requirement. The Court is mindful of the Supreme Court's admonition that there is a distinction between "jurisdictional prescriptions and nonjurisdictional claim-processing rules," the latter of which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." Fort Bend Cty., Texas v. Davis, — U.S. —, 139 S.Ct. 1843, 1849 (2019).

Given that Congress did not expressly mandate an exhaustion requirement in the statute, the Court should treat the failure to exhaust remedies as a nonjurisdictional defect. See Fort Bend Cty, 139 S.Ct at 1850 (when Congress does not expressly make a requirement jurisdictional in nature, "courts should treat the restriction as nonjurisdictional in character"). Accordingly, this claim should be dismissed without prejudice, pursuant to Rule 12(b)(6), for failure to exhaust administrative remedies.[1] See Bargher v. White, 928

---

[1] The Court notes that Ovidio Garcia's other § 1503(a) claim, based upon the denial of the passport, does not suffer from the failure to exhaust administrative remedies. This is because there is no administrative appeal process in circumstances where a passport is declined or revoked based on non-nationality. 22 C.F.R. 51.70(b)(6). In those situations, it appears that a lawsuit under § 1503(a) is the only available remedy.

F.3d 439, 447 (5th Cir. 2019), as revised (July 2, 2019) (dismissal for failure to exhaust administrative remedies should be without prejudice to permit the plaintiff to refile the case after exhaustion is completed).

### B. APA

Ovidio Garcia has invoked the APA in seeking relief in this case.  Irrespective of any merit to his underlying claim, he cannot pursue relief pursuant to the APA.

As previously noted, a plaintiff cannot pursue a claim under the APA if there is another "adequate remedy" which permits the plaintiff to seek the same general relief that an APA claim would provide. Bowen, 487 U.S. at 903.

The Fifth Circuit has expressly held "that 8 U.S.C. § 1503 provides an adequate alternative remedy to APA review," divesting the Courts of jurisdiction to consider APA claims that seek to review passport denials or revocations that are based upon findings of non-nationality. De La Garza Gutierrez, 741 F. App'x at 997; Hinojosa, 896 F.3d at 312 ("In sum, § 1503 expresses a clear congressional intent to provide a specific procedure to review the Plaintiffs' claims.").

Under the rule of orderliness, when the Fifth Circuit issues a decision which directly resolves a legal question, district courts "may not overrule the decision, right or wrong." Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co., 903 F.3d 435, 455 (5th Cir. 2018); Campbell v. Sonat Offshore Drilling, Inc., 979 F.2d 1115, 1121, n. 8 (5th Cir. 1992) (superseded by statute on other grounds) ("It has been long established that a legally indistinguishable decision of this court must be followed by other panels of this court and district courts.").

Given that § 1503 provides an adequate remedy, which precludes APA review, the Court lacks jurisdiction to consider Ovidio Garcia's APA claim.  Accordingly, Ovidio Garcia's APA claim should be dismissed, without prejudice, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.

### C. Injunctive & Declaratory Relief

Ovidio Garcia has sought various forms of injunctive relief, including "mandating that Defendants request the State of Texas to remove any 'flag' they may have placed on

his birth record as a result of Defendants' actions; that Defendants take steps to remove from the [Department of Homeland Security] DHS and [Department of State] DOS computer systems all lookouts and other indications that he is not a United States citizen, and remove any information from the DHS or DOS computer systems indicating that his parents committed fraud in registering him as born in Texas." Dkt. No. 2, p. 7.  Plaintiffs also seek a "permanent injunction, mandating that Defendant Limon reopen, on her own motion, and approve, the visa petitions filed by [Ovidio Garcia] on behalf of his wife, as well as the applications for adjustment of status filed for [his wife]." Id.  Finally, Plaintiffs also seek a declaration that USCIS's policy, of mandating that a person with an unexpired passport prove their U.S. citizenship, is unconstitutional.  These claims should be dismissed for lack of jurisdiction.

A request for injunctive relief is not an independent basis for subject matter jurisdiction. See Higareda v. U.S. Postal Serv., 5 F.3d 1495 (5th Cir. 1993) ("a court has no authority to grant an injunction without some independent basis of federal jurisdiction"). Nor is a request for declaratory relief an independent basis for subject matter jurisdiction. Nixon v. Attorney Gen. of Texas, 537 F. App'x 512 (5th Cir. 2013) (citing Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980)).  Thus, the Court must look to § 1503(a) for a jurisdictional basis to issue injunctive or declaratory relief.

The statute only authorizes the Court to declare whether Ovidio Garcia is a United States citizen. See § 1503(a) (authorizing the Court to issue "a judgment declaring [the plaintiff] to be a national of the United States").  No other remedies are provided.

"[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.  In the absence of strong indicia of a contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate." Atchafalaya Basinkeeper v. Chustz, 682 F.3d 356, 359 (5th Cir. 2012) (quoting Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 14–15 (1981)).  Thus, Ovidio Garcia's sole remedy in this case is a declaration that he is a citizen of the United States; no other injunctive or declaratory relief is statutorily

authorized.   Any such claims should be dismissed without prejudice, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.

Given the Court's recommendation, Ovidio Garcia's § 1503 claim is the only remaining claim.   The only question before the Court in a § 1503(a) claim is whether the plaintiff is a citizen or national of the United States. 8 U.S.C. § 1503(a).   Accordingly, the only proper defendant is the head of the agency. Id.   In this case, that means that Pompeo is the only proper defendant.   Limon, Barr, and the United States of America should be dismissed as defendants, pursuant to Rule 12(b)(1) for lack of jurisdiction.

Furthermore, any claims made by Perla J. Olivares de Garcia should be dismissed without prejudice, pursuant to Rule 12(b)(1), for lack of jurisdiction.   This follows from the fact that the only proper plaintiff in a § 1503(a) claim is the person claiming to be a citizen of the United States. 8 U.S.C. § 1503(a).   The complaint clearly states that Perla J. Olivares de Garcia is a citizen of Mexico. Dkt. No. 2.

## IV. Recommendation

It is recommended that the partial motion to dismiss filed by Defendants be granted.

It is further recommended that Ovidio Garcia's § 1503(a) claim, based on the denial of the I-130 form, be dismissed without prejudice, pursuant to FED. R. CIV. P. 12(b)(6), for failure to exhaust administrative remedies.

It is also recommended that Ovidio Garcia's APA claim be dismissed without prejudice to refiling, pursuant to FED. R. CIV. P. 12(b)(1), for lack of jurisdiction.

It is further recommended that Ovidio Garcia's claims for declaratory and injunctive relief — other than a claim for a declaratory judgment that he is a citizen of the United States — be dismissed without prejudice, pursuant to FED. R. CIV. P. 12(b)(1), for lack of jurisdiction.

Additionally, it is recommended that Defendants Norma Limon, William Barr and the United States of America be dismissed from this case, pursuant to FED. R. CIV. P. 12(b)(1), without prejudice to refiling.

Finally, it is recommended that any claims made by Plaintiff Perla J. Olivares de Garcia be dismissed without prejudice, pursuant to FED. R. CIV. P. 12(b)(1), for lack of jurisdiction.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on November 4, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge